## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN S. ACKLEY, ) | |
| ) | |
| PLAINTIFF ) | |
| vs. ) | DOCKET NO. |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| AS TRUSTEE FOR THE STRUCTURED ) | |
| ASSET INVESTMENT LOAN ) | |
| TRUST, 2005-3 ) | |
| ) | |
| NATIONSTAR MORTGAGE, LLC ) | |
| ) | |
| OCWEN LOAN SERVICING, LLC ) | |
| ) | |
| DEFENDANTS ) | |

## **COMPLAINT**

### INTRODUCTION

This is an action for actual, compensatory, statutory and punitive damages brought by Stephen Ackley, an individual consumer, against U.S. Bank National Association, As Trustee for the Structured Asset Investment Loan Trust, 2005-3, Nationstar Mortgage, LLC, and Ocwen Loan Servicing LLC for violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §§524, and 105, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* and the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. §11001 *et seq*.,. (hereinafter collectively known as the ''FDCPA''), and the Maine Consumer Credit Code, 9-A M.R.S. §§9-403(F)-(G ) which all prohibit abusive, deceptive, and unfair collection practices.

### I.   JURISDICTION AND VENUE

1. The jurisdiction of this Court is conferred by 28 U.S.C. §1331 and 28 U.S.C. §1367.

2. Venue is proper as the Plaintiff is a resident of Cumberland County, all relevant events occurred in this District, and Defendants were doing business in Maine during all relevant times.

## II. PARTIES

3. Plaintiff Steven Ackley is a natural person residing in Casco, Maine

4. Defendant U.S. Bank National Association, As Trustee for the Structured Asset Investment Loan Trust, 2005-3 (U.S. Bank), is a national banking association with its principal place of business in Minneapolis, Minnesota.

5. U.S. Bank is the trustee for the Structured Asset Investment Loan Trust, 2005-3 ("Trust").

6. Upon information and belief, Mr. Ackley's loan is in this Trust.

7. Defendant Nationstar Mortgage LLC (Nationstar) is a limited liability corporation organized under the laws of Delaware with a principal place of business is Lewisville, Texas.

8. On or around June 28, 2012 Nationstar complete the acquisition of Aurora Bank FSB and its wholly-owned subsidiary, Aurora Loan Services, LLC (Aurora), including the master servicing operations.

9. Nationstar purchased the entire Master Servicing division from Aurora, including all assets and liabilities, processes, technology and files.

10. Prior to Nationstar's acquisition of Aurora, Aurora was the Master Servicer of Mr. Ackley's loan pursuant to a Pooling and Servicing Agreement (PSA) for the Trust.

11. A true and accurate copy of the 167-page PSA is publicly available at the Securities and Exchange website at

http://www.sec.gov/Archives/edgar/data/1322637/000116231805000286/exhibit41.htm

12. Upon acquisition of Aurora and at all relevant times to this Action, Nationstar was and is the Master Servicer of the Trust.

13. As Master Servicer, Nationstar acts under the authority of U.S. Bank as Trustee.

14. Defendant, Ocwen Loan Servicing LLC ("Ocwen") is a limited liability corporation organized under the laws of Delaware, with a principal place of business in Florida.

15. Its sole member is Ocwen Financial Corporation, a Florida corporation that is a publicly traded corporation.

16. At all relevant times, Ocwen was the servicer, under the Master Servicer, Nationstar, of Mr. Ackley's mortgage loan on property located at 156 Jenkins Rd. Saco, Maine 04072.

17. As servicer of the loan, Ocwen was acting under the authority and as the agent of Nationstar and ultimately U.S. Bank.

18. Nationstar and Ocwen had specific duties and obligations under the PSA as Master Servicer and servicer of the loan.

19. For example, the Servicer under the PSA is authorized and empowered by the Trustee of the Trust to:

    a. collect payments called for under the terms of the loan;

    b. manage collection accounts for payments made under the mortgages;

    c. collect and manage escrow payments and accounts;

    d. pay interest on funds in escrow accounts;

    e. advance funds to pay taxes on mortgage properties;

    f. execute instruments of satisfaction or cancellation, release, or discharge;

    g. institute foreclosure proceedings;

    h. obtain a deed-in-lieu of foreclosure; and

       i.       take title to mortgage properties after foreclosure on behalf of the Trustee.

20. Ocwen acquired servicing of Mr. Ackley's mortgage loan when the loan was in default.

21. Ocwen engages in the business of collecting debts in this state.

22. Ocwen regularly engages in the enforcement of security interests securing debts.

23. The principal purpose of Ocwen is the collection of debts using the mails and telephone, and Ocwen regularly attempts to collect debts alleged to be due another.

24. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), 32 M.R.S.A. §11002(6) and 11003(7)(C).

### III.   FACTS

25. On or around December 30, 2004, Mr. Ackley entered into a Mortgage and Note in the amount of $142,500 with Option One Mortgage Corporation ("loan") on his property at 156 Jenkins Road, Saco, Maine ("Property").

26. Mr. Ackley filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court, District of Maine, Case No. 08-21361 on October 9, 2008.

27. Mr. Ackley listed the mortgage loan as a debt in his bankruptcy.

28. Option One was listed on and received the Certificate of Notice dated October 10, 2008 for the filing of the Chapter 13. See the Docket in the Bankruptcy Matter, Case No. 08-21195 at Document No. 6 (hereinafter referred to "Document No. __").

29. Upon information and belief, on or around November 5, 2008, American Home Mortgage Servicing, as successor-in-interest to Option One Mortgage Corporation, assigned the subject Mortgage to U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-3 ("the Trust"). The assignment is recorded at the York Country Registry of Deeds, book 15521 page 707.

30.     On December 5, 2008, U.S. Bank filed Proof of Claim No. 4 in the Plaintiff's bankruptcy matter.  At the time, American Home Mortgage was the loan servicer of the loan. See Claim No. 4 in the Bankruptcy Matter, Case No. 08-21195.

31.     Upon information and belief, servicing of the loan was transferred to Ocwen on or around August 30, 2013.  See Documents No. 92 and 93 in the Bankruptcy Matter.

32.     On September 17, 2013, the Court granted Mr. Ackley's Second Amended Order Allowing and Disallowing Claims and Modifying Plan in which the property was surrendered in full and final satisfaction of claim number 4. (OADC)   See Document No. 98 in the Bankruptcy Matter.

33.     Mr. Ackley winterized the home and moved out.

34.     Ocwen and American Home Mortgage Servicing, Inc. received notice of the OADC.  See Document number 91-1 in the Bankruptcy Matter.

35.     On January 7, 2014, Mr. Ackley received his bankruptcy discharge. See Document No. 105 in the Bankruptcy Matter.

36.     Ocwen and American Home Servicing received notice of the bankruptcy discharge.  See Document No. 105-1 in the Bankruptcy Matter.

37.     Due to the discharge, Mr. Ackley was no longer personally liable to pay amounts alleged owed on the loan.

38.      On or about June 24, 2014, more than six months after Mr. Ackley's discharge, Ocwen delivered to Mr. Ackley directly a letter entitled "Delinquency Notice" alleging a total Amount Due of $29,955.18. A copy of the notice is attached hereto as *Exhibit 1*.

39.      On or around July 26, 2014, Ocwen delivered to Mr. Ackley directly a notice stating that Ocwen plans to buy insurance for the property and Mr. Ackley "must pay [Ocwen] for any

period during which the insurance [Ocwen] buys is in effect but you do not have insurance" A copy of the notice is attached hereto as *Exhibit 2*.

40. On or around July 29, 2014, Ocwen delivered to Mr. Ackley directly a "Delinquency Notice" alleging a total due of $32,360.06. A copy is attached hereto as *Exhibit 3*.

41. On or around August 1, 2014, Ocwen received a letter from Mr. Ackley's counsel, Molleur Law Office.

42. The letter, dated July 29, 2014, provided Ocwen with notice of Mr. Ackley's bankruptcy and the surrendering of his property. Counsel requested that Ocwen cease communications with Mr. Ackley and forward any correspondence to the office of Mr. Ackley's counsel. A copy of the letter is attached hereto as *Exhibit 4*.

43. On or around August 18, 2014, Ocwen delivered to Mr. Ackley directly a mortgage statement stating that Mr. Ackley owed Ocwen a total alleged Amount Due of $33,914.94 before September 17, 2014 and included a payment coupon. A copy is attached hereto as *Exhibit 5*.

44. On or around August 19, 2014, Ocwen delivered directly to and Mr. Ackley received a letter entitled "Delinquency Notice" with a total alleged amount due of $33,914.94. A copy is attached hereto as *Exhibit 6*.

45. Mr. Ackley's counsel wrote a second time to Ocwen on September 4, 2014 regarding violations of the discharge injunction provisions of the Bankruptcy Code. The letter requested Ocwen withdraw its demand for payment within thirty days or debtors would seek remedy with the bankruptcy court. A copy of the letter is attached hereto as *Exhibit 7*.

46. Ocwen, through its Maine registered agent, Corporation Service Company, received the September 4, 2014 letter on September 8, 2014.

47.     On or around September 17, 2014, Ocwen delivered to Mr. Ackley directly a mortgage statement alleging Mr. Ackley owed a total Amount Due of $35,474.69 and included a payment coupon.  A copy is attached hereto as *Exhibit 8*.

48.     On or around October 17, 2014, Ocwen delivered directly to Mr. Ackley a mortgage statement stating Mr. Ackley owed Ocwen total Amount Due of $160,669.45, and identified the payment as "due now" and included a payment coupon.  A copy is appended hereto as *Exhibit 9*.

49.     On or around October 20, 2014, Ocwen delivered directly to Mr. Ackley a letter entitled "Delinquency Notice" alleging a total amount due of $37,347.82.  A is appended hereto as *Exhibit 10*.

50.     On December 2, 2014, Mr. Ackley filed an Adversary Proceeding in the Bankruptcy Matter alleging violations of the discharge injunction, 11 U.S.C. 524, including Ocwen's delivery of notices to Mr. Ackley regarding the discharged debt and the inaccurate credit reporting on Mr. Ackley's credit reports.

51.     In preparation of filing this current action in the Federal District Court to include additional federal and state law claims and additional communication from Ocwen, Mr. Ackley voluntarily dismissed the Adversary Proceeding on December 16, 2014.

52.     Ocwen delivered a mortgage statement directly to Mr. Ackely dated November 17, 2014 with the "total amount due" of $161,957.16.  Ocwen included a payment coupon.  A copy is attached as *Exhibit 11*.

53.     Ocwen delivered a notice dated December 12, 2014 directly to Mr. Ackley entitled "Mortgage Assistance Resources."  A copy is attached as *Exhibit 12*.

7

54.     Ocwen delivered a notice dated January 9, 2015 directly to Mr. Ackley regarding a force-placed insurance policy for the property stating that it would charge the annual premium of $959.00 to Mr. Ackley's account.  A copy is attached as *Exhibit 13*.

55.     Upon information and belief, these are not the only notices Ocwen delivered to Mr. Ackley concerning the alleged debt on the property and Ocwen will continue to send Mr. Ackley notices regarding amounts alleged due the loan.

56.     In addition, upon review of Mr. Ackley's credit reports, Ocwen continues to report inaccurately on Mr. Ackley's credit report that he has an outstanding balance owed on the loan.

57.     Ocwen has also failed to complete the foreclosure of the property, even though it has known for over one year that the property was surrendered by Mr. Ackley.  The failure to foreclose has perpetuated and prolonged Ocwen's delivery of debt collection notices to Mr. Ackley.

58.     Ocwen's repeated communications and actions regarding the loan debt have caused Mr. Ackley significant distress, anxiety, desperation, humiliation, sleeplessness, headaches, embarrassment, pain and frustration especially after having filed for bankruptcy and surrendering the property in order to discharge the debt and obtain a fresh start -- a decision that did not come easily to Mr. Ackley.

59.      Ocwen committed such violations knowingly, recklessly, and in bad faith as they had actual notice of the Plaintiff's bankruptcy and multiple warning letters from Plaintiff's counsel yet continued to send communications directly to Mr. Ackley in an attempt to collect on the debt.

60.     Based on at least *seven* other cases filed in the U.S. Bankruptcy Court, District of Maine, (Docket No.s 08-10244; 11-02010; 13-02015; 13-02034; 13-01025; 13-02070; 14-02001) Ocwen

has inadequate policies and procedures in place to service loans that are discharged in bankruptcy.

61.     Based on at least *seven* other cases filed in the U.S. Bankruptcy Court, District of Maine, (Docket No.s 08-10244; 11-02010; 13-02015; 13-02034; 13-01025; 13-02070; 14-02001.) Ocwen has engaged in a pattern and practice of seeking to collect on debt that have been listed and discharged in bankruptcy in violation of the automatic stay or discharge injunction.

62.     Nationstar and U.S. Trust knew or should have known of Ocwen's misconduct when assigning servicing rights to Ocwen and maintaining Ocwen as the servicer of Mr. Ackley's loan.

**COUNT ONE: Violation of the Bankruptcy Discharge Injunction, 11 U.S.C. §524**

**(All Defendants)**

63.     The Plaintiff realleges and incorporates the paragraphs above as if fully set out herein.

64.     Ocwen violated the Bankruptcy Discharge Injunction, 11 USC §524, as enforced by §105, by intentionally attempting to collect on the loan debt that had been discharged in Mr. Ackley's bankruptcy after it had actual knowledge of the bankruptcy discharge and after receiving multiple warning from Mr. Ackley through his attorney.

65.     Ocwen's conduct, including but not limited to a) delivering letters alleging the loan to be in default and indentifying amounts due;  b) delivering statements alleging an increasing balance due each month complete with payment coupons; c) delivering notices encouraging Mr. Ackely to enter into a modification to repay the debt; d) delivering statements telling Mr. Ackley that he is being charged for Ocwen's purchase of a force-placed insurance policy on the property; e) failing to take action to foreclosure on the property or deed the property out of Mr. Ackley's name, knowing that the property has been surrendered, is vacant, and Mr. Ackley does not want to keep the property; and f).misreporting the status of the debt on his credit report,  is unfair,

coercive, harassing, willful, and knowing.

66. Mr. Ackley feels harassed and coerced to the point that he believes Ocwen will never stop trying to collect on the debt unless and until he pays it.

67. As a result of the conduct, actions and inactions of Ocwen, Mr. Ackley suffered actual damages including, without limitation, utter frustration and desperation and other emotional and mental distress as outlined above.

68. Further, as detailed above, Ocwen has engaged in a pattern and practice of trying to collect from Maine debtors on debts discharged in bankruptcy.

69. Such conduct is outrageous and egregious.

70. Ocwen is in contempt of the bankruptcy discharge injunction issued in Mr. Ackley's bankruptcy case and Mr. Ackley is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 11 U.S.C. §105.

71. Ocwen's actions demonstrate its willful and intentional violation of 11 U.S.C. §524.

72. At all relevant times, Ocwen was acting as the agent of Nationstar, the Master Servicer of the loan, and U.S. Bank, the Trustee of the loan's Trust. All Defendants are jointly and severally liable for such violations.

73. Mr. Ackley is entitled to receive from the Defendants actual and compensatory damages, including costs and attorneys' fees, and punitive damages in this matter pursuant to 11 U.S.C. §§524 and 105 and further relief as may be just and proper.

**COUNT TWO: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 Et Seq. And 32 M.R.S.A. §11001 Et Seq.: Maine Fair Debt Collection Practices Act**

**(Ocwen)**

74. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

75. Within one year prior to the filing of this suit, by example only and without limitation, Ocwen violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Maine Fair Debt Collection Practices Act 32 M.R.S.A. §11001 et seq. (collectively the "FDCPA") by:

   a. Falsely representing the character, amount, and legal status of the loan debt through letters dated at least June 24, 2014 through at least January 9, 2015 as outlined above (15 U.S.C. §1692e(2); 32 M.R.S.A. §11013(2)(B));

   b. The use of false representations and deceptive means to collect on the loan debt (15 U.S.C. §1692e(10); 32 M.R.S.A. §11013(2));

   c. Engaging in conduct, the natural consequence of which was to harass, oppress or abuse Mr. Ackley in connection with the collection of the mortgage debt by delivering notices seeking payment of monies not owed due to bankruptcy discharge. (15 USC §1692d ; 32 M.R.S.A. §11013(1));

   d. Communicating with Mr. Ackley in connection with the collection of the mortgage debt when Ocwen knew that the consumers were represented by an attorney with respect to that debt and had knowledge of that attorney's name and address. (15 USC §1692c(2); 32 M.R.S.A. §11012(1)(B));

   e. Using unfair or unconscionable means to collect or attempt to collect on the mortgage debt. (15 USC §1692f; 32 M.R.S.A. §11013(3)).

76. As a result of the conduct, actions and inactions of Ocwen, Mr. Ackley suffered actual damages including, without limitation, harassment, coercion, fear and anxiety and other emotional and mental distress as detailed above.

77. Mr. Ackley is entitled to recover actual damages including emotional distress damages, statutory damages, costs and attorney's fees from Ocwen and further relief as may be just and

proper.

### COUNT THREE: Illegal, Fraudulent or Unconscionable Conduct In Attempted Collection Of Debts In Violation of the Maine Consumer Credit Code 9-A M.R.S. §§9-403(F)-(G)

**(All Defendants)**

78. Plaintiff repeats and realleges and incorporates by reference all paragraphs above.

79. Ocwen engaged in efforts to collect a debt arising from the mortgage loan that originated with Option One.

80. In an effort to collect that debt Ocwen disclosed information concerning the mortgage loan to national credit reporting agencies knowing that the debt was part of a bankruptcy and then discharged.

81. Ocwen knew at least from the Adversary Proceeding that the debt was in dispute yet it did not disclose that fact and then failed to take any action to correct the inaccurate information after receiving notice of the improper disclosure.

82. Ocwen further claimed a right and attempted to enforce a right that it had relinquished pursuant to Mr. Ackley's discharge in the bankruptcy matter. The Court ordered the bankruptcy discharged, including the subject loan, and Mr. Ackley was no longer personally liable for payment of that debt.  Consequently the right to collect any balances allegedly owed on the mortgage loan has been barred by a final order of the court.

83. Ocwen thereby violated the Maine Consumer Credit Code (MCCC), 9-A M.R.S. §§9-403(F) and (G).

84. Such violations constitute a violation of the Maine Unfair Trade Practices Act pursuant to 9-A M.R.S. §9-408.

85. Ocwen was acting as the servicer and agent to Nationstar, the Master Servicer.

86. Nationstar, as Master Servicer and Ocwen as servicer, were acting under the authority of U.S. Bank as Trustee per the Pooling and Servicing Agreement.

87. The Plaintiff is entitled to relief jointly and severally from the Defendants.

88. The Plaintiff demands judgment for actual, including emotional, damages, statutory damages, punitive damages, their attorneys' fees and costs, for pre-judgment and post- judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

## DEMAND FOR JURY TRIAL

89. Please take notice that Plaintiff demands trial by jury in this action.

Dated at Biddeford, Maine, this 29th day of January, 2015.

        MOLLEUR LAW OFFICE

By: */s/ Andrea Bopp Stark*
    Andrea Bopp Stark, Esq.
    Chet Randall, Esq.
    Counsel for Plaintiff, Stephen S. Ackley
    419 Alfred Street
    Biddeford, Maine  04005-3747
    (207) 283-3777
    (207) 284-4558 Fax
    andrea@molleurlaw.com
    chet@molleurlaw.com